```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
```

| Angela Franklin | ) | C/A 6:09-03159-RBH-BHH |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| Becky Clement; Tim Collins; Adrinne Clinkscale; | ) | |
| Greenville Police; Greenville Housing Staff; | ) | |
| The City; Cindy Gwinn | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| _____ | ) | |

Angela Franklin (Plaintiff) files this civil action *pro se* and pursuant to 28 U.S.C. § 1915.* This complaint appears to raise landlord/tenant issues. Plaintiff is seeking damages because she alleges that she was over charged for rent, among other things. Plaintiff names Becky Clement, Tim Collins, Adrinne Clinkscale, Greenville Police, Greenville Housing Staff, The City, and Cindy Gwinn as defendants.

## Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976); *see Erikson*

---

*Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e) D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*v. Pardus,* 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Id.* at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

### Discussion

"Federal courts are courts of limited jurisdiction. A district court must jealously protect its jurisdiction, declining to entertain those cases over which it has no jurisdiction but insisting on hearing those matters properly before it." *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 531 (D.S.C. 1999). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, *Pinkley, Inc. v. Servacek*, 528 U.S. 1155 (2000) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). "Furthermore, it is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citation omitted).

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick,* 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds for the court's jurisdiction, . . . ." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v City of*

3

*Frederick*, 191 F.3d at 399. If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

It is difficult to discern from this complaint what claim the Plaintiff is pursuing. However, this complaint appears to raise landlord/tenant issues. Plaintiff complains that Adrinne Clinkscale used "false income to raise our rent," and that Becky Clement is "over Adrinne Clinkscale." (Compl. at 3 & 4.) Plaintiff states that she paid the water bills for four years even though the Greenville Housing Authority should have paid them and that "after being put out October 29-09 Greenville Housing transfer[red] our water back to them." (Compl. at 4.) Apparently, the Plaintiff has experienced an eviction by the Greenville Housing Authority. Specifically, Plaintiff complains that Tim Collins hired "drunks with no uniforms to move our things" and that "things got missing." (Compl. at 3.) Cindy Gwinn is named as a defendant because Plaintiff alleges that Cindy Gwinn is over Adrinne Clinkscale and had knowledge that false income information was on Plaintiff's file. (Compl. at 3.)

Additionally, Plaintiff complains that her mother, Elizabeth Franklin, was pushed down "by a cop" and was taken to the emergency room. (Compl. at 4.) However, Plaintiff cannot bring this suit to defend Elizabeth Franklin's rights. Elizabeth Franklin must bring suit on her on behalf if she wishes to pursue her claim. While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties.

Plaintiff's claims do not pose a federal question, so they cannot serve as the basis for federal jurisdiction. At most, Plaintiff's allegations possibly set forth causes of action

4

based in state law.  Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998).  However, because Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's potential state claims.  *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

A civil action for Plaintiff's possible state claims could be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied.  *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table].  The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  *See* 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).  The complaint and an address for a defendant supplied by Plaintiff imply that Plaintiff and at least one defendant are citizens of the State of South Carolina.  Accordingly, this Court has no diversity jurisdiction of this case because Plaintiff and at least one defendant are citizens of the State of South Carolina, which defeats the required complete diversity of parties.  This case should be dismissed because the complaint fails to allege facts establishing either federal question or diversity jurisdiction in this Court.

**Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint in the above captioned case *without prejudice* and without issuance and service of process.

                                                                  s/Bruce Howe Hendricks
                                                                  United States Magistrate Judge

December 10, 2009
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).